IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02514-PSF-BNB

STANFORD E. ANDRESS,

    Plaintiff,

v.

WELLS FARGO BANK; and
KEY BANK OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

This action was filed in this district court on December 13, 2005. The gravamen of the *pro se* complaint appears to relate to foreclosure proceedings initiated by the defendants as to the plaintiff's residence and a "conspiracy to deprive the plaintiff of the use of his credit card even though his payments were always regular and on time." As the complaint leaves unclear whether jurisdiction is premised upon a federal question or diversity, this Court issued an Order to Show Cause (Dkt. # 2) as to the jurisdictional basis for pursuing this case in federal court. Plaintiff's January 3, 2006 response (Dkt. # 7) to the order states: "It is perfectly obvious that this case is to be tried in a federal court because the two (2) banks which are defendants are both chartered federally in different states of the union half a continent apart and are part of this controversy and of federal bankruptcy law."

Three days prior to receipt of plaintiff's response, counsel for one defendant filed an Entry of Appearance on Behalf of Defendant Wells Fargo Bank, NA and Suggestion of Bankruptcy (Dkt. # 6). The Wells Fargo "Suggestion" asserts that "the Plaintiff Stanford E.

Andress did, on December 5, 2005, file a Chapter 7 Bankruptcy, U.S. Bankruptcy Case No. 05-44636-SBB.  The allegations of the Complaint, while not remarkably clear, appear to relate to alleged conduct of Wells Fargo which occurred prior to the filing of bankruptcy, and would therefore appear to be a claim to be brought and/or prosecuted by Mr. Andress' Chapter 7 Trustee, Jeffrey A. Weinman." *Id.* at 1.

A review of the bankruptcy file in that matter reveals two declarations by plaintiff, both dated December 5, 2005, concerning disputes he has had with Wells Fargo and Key Bank.  Plaintiff lists both Wells Fargo and Key Bank as secured creditors in his Statement of Financial Affairs filed with the Bankruptcy Court on December 19, 2005.  Dkt. # 15 in No. 05-4464-SBB at 18.  No exempt property is listed.  *Id.* at 17.

Here one defendant, Wells Fargo, flatly asserts and the plaintiff indirectly confirms that the bankruptcy laws apply to plaintiff's claims.   If plaintiff's claims arose prior to his December 5, 2005 bankruptcy filing, as Wells Fargo contends and plaintiff does not appear to dispute, he has no right to pursue such claims.  Only plaintiff's trustee in bankruptcy does.  *See e.g. Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) ("A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed."), cited in *In re Potter,* 101 Fed. Appx. 770, 772 (10th Cir., May 27, 2004).  Nothing in the bankruptcy court files indicates that the trustee has abandoned plaintiff's claims thereby enabling the plaintiff to pursue them in his own name. *See e.g.* 11 U.S.C. § 554; *Williams v. United Technologies Carrier Corp.*, 310 F. Supp. 2d 1002, 1011-12 (S.D. Ind. 2004).  Plaintiff has not formally requested the bankruptcy court to order such abandonment.  Nor has the trustee been substituted or joined as a party

pursuant to F.R.Civ.P. 25(c).  In these circumstances therefore the case must be dismissed due to lack of standing by the plaintiff.

Moreover, even if plaintiff did have standing to pursue his claims, this Court finds that plaintiff has failed to set forth affirmatively the jurisdictional basis for pursuing his claims in a United States District Court.  It is the plaintiff's burden to establish the court's subject matter jurisdiction.  *See Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).  From a liberal construction of the complaint, it does not appear that federal question jurisdiction has been invoked under 28 U.S.C. § 1331.  As for diversity jurisdiction, the complaint must allege the state of which each party is a citizen.  *Robinson v. Brown & Williamson Tobacco Corp.*, 909 F. Supp. 824, 825 (D. Colo. 1995).  This plaintiff has not done so either in his complaint or in his response to the order to show cause.

Finally, even if plaintiff had standing and did properly invoke this Court's jurisdiction, his complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  While he asserts misconduct by the defendants having to do with his real property and credit card, such offenses go unspecified.   No state or federal statute or common law duty has been invoked in the complaint, nor has a short and plain statement been articulated showing plaintiff is entitled to relief.  *See* F.R.Civ.P. 8(a).

The case is DISMISSED.

DATED: January 23, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge